**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RICHARD THOMAS ANTHONY, : | Hon. Jerome B. Simandle |
| Petitioner, : | Civil No. 06-3812 (JBS) |
| v. : | |
| : | **OPINION** |
| CHARLES SAMUELS, : | |
| Respondent. : | |

**APPEARANCES:**

    RICHARD THOMAS ANTHONY, #10434-040
    CCM Detroit
    Community Corrections Office
    4026 E. Arkona Road
    Milan, Michigan 48160
    Petitioner <u>Pro</u> <u>Se</u>

    JOHN ANDREW RUYMANN, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    402 East State Street - Suite 430
    Trenton, New Jersey 08608
    Attorney for Respondents

**SIMANDLE,** District Judge

    Petitioner Richard Thomas Anthony filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his federal sentence by the Bureau of Prisons ("BOP").[1] The BOP filed an Answer seeking dismissal of the

---

[1] Petitioner originally filed the Petition in the United States District Court for the Western District of Michigan. By Order entered August 8, 2006, United States Magistrate Judge Hugh W. Brenneman, Jr., transferred the case to this Court because Petitioner was incarcerated at FCI Fort Dix in New Jersey when he filed the Petition.

Petition, arguing that the BOP properly calculated Petitioner's sentence. Petitioner filed a Reply, arguing that he is entitled to prior custody credit for the 199-day period from March 31, 2001, through October 16, 2001.

By Order entered April 24, 2007, this Court directed Respondents to file a supplemental answer and certified copies of all documents on which Respondents relied to determine that the State of Michigan gave Petitioner credit for the period from March 31, 2001, through October 16, 2001, against his state sentence. Respondents filed the declaration of Larry Mayo, with three exhibits. Petitioner thereafter filed a response to the declaration, a memorandum of law and a motion for summary judgment, arguing that Respondents failed to comply with this Court's Order entered April 24, 2007. Respondents filed a Memorandum of Law in opposition to the summary judgment motion.

## I.   BACKGROUND

The Petition challenges the failure of the BOP to give Petitioner prior custody credit, pursuant to 18 U.S.C. § 3585(b), for the 199-day period from his arrest on March 31, 2001, until the imposition of his 92-month federal sentence on October 16, 2001.

On March 31, 2001, police officers with the Grand Rapids Police Department in Michigan arrested Petitioner, who was on state parole. Police stopped the vehicle Petitioner was driving

because he was not wearing a seat belt, and saw a semiautomatic pistol on the floor inside the vehicle.  Petitioner was taken into custody as a parole violator (and found guilty of violating state parole on May 9, 2001).

On April 11, 2001, Petitioner was indicted in the United States District Court for the Western District of Michigan for unlawful possession of a firearm by a convicted felon and that court issued an arrest warrant.  See United States v. Anthony, Crim. No. 01-0076-GJQ-1 (W.D. Mich. filed April 11, 2001).[2]  On April 12, 2001, United States Magistrate Judge Ellen S. Carmody released Petitioner on an unsecured appearance bond of $50,000.  On April 17, 2001, Petitioner pled not guilty, the bond was continued, and Petitioner was remanded to the custody of the United States Marshal for return to Kent County, Michigan.  He appeared for his federal trial on June 5, 2001, pursuant to a writ of habeas corpus ad prosequendum, and a jury returned a guilty verdict on June 20, 2001.  By judgment entered October 17, 2001, United States District Judge Gordon J. Quist sentenced Petitioner to a 92-month term of imprisonment and three years of supervised release.  Petitioner was returned to state custody on October 25, 2001.

---

[2] This Court takes judicial notice of the docket in United States v. Anthony, Crim. No. 01-0076-GJQ-1 (W.D. Mich. filed April 11, 2001).

On February 21, 2003, state officials released Petitioner on parole, and he was taken into federal custody for service of his federal sentence.

The BOP initially calculated Petitioner's 92-month sentence as commencing on February 21, 2003.  Petitioner submitted a request to the BOP for designation of a state institution for service of his federal sentence.  By letter dated May 25, 2004, the BOP asked Judge Quist whether the court objected to nunc pro tunc designation of the state facility for service of Petitioner's federal sentence effective October 16, 2001, the date it was orally imposed.[3]  Judge Quist did not object, and the BOP granted Petitioner's request, and recalculated his federal sentence as commencing October 16, 2001, rather than February 21, 2003.  Petitioner thereby received credit against his state and federal sentences for the 493-day period between October 16, 2001, and February 21, 2003, and his projected release date was moved up to August 6, 2008, from November 30, 2009.

---

[3] The letter explained that state officials arrested Petitioner for parole violation on March 31, 2001, that Petitioner appeared in federal court pursuant to a writ of habeas corpus ad prosequendum, that he was returned to state officials after his federal sentencing, and that he was paroled by state officials on February 21, 2003.  In addition, the letter states: "At the time of federal sentencing, comments or recommendations were not made to the effect that the federal sentence could run concurent with the state parole violation sentence."  (Letter from Fernando J. Messer, dated May 25, 2004.)

On April 15, 2004, Petitioner filed a request for administrative remedy seeking additional prior custody credit. Warden Tracy Johns denied relief on October 4, 2004, on the ground that the adjusted full term date of Petitioner's state sentence exceeded the raw full term date of the federal sentence. Petitioner appealed to the Regional Director. On December 13, 2004, D. Scott Dodrill, Regional Director, denied the appeal as follows:

> You appeal the decision of the Warden of FCI Loretto to deny you credit on your federal sentence from March 31, 2001 through October 16, 2001. You contend that during this time period you were in federal custody and that the judge ordered it be awarded. You also contend that the federal sentence was ordered concurrent so you should be awarded that time.
>
> A review of your appeal has revealed that you were sentenced by the United States District Curt for the Western District of Michigan on October 16, 2001, to a sentence of 92 months. At the time of sentencing, you were in primary custody of the state and were "borrowed" pursuant to a Writ of Habeas Corpus Ad Prosequendum. After sentencing, you were returned to the custody of the state to compete your state obligation. The state released you, via parole, to the federal detainer on February 21, 2003, to commence serving your federal sentence. Initially your sentence was presumed consecutive because it was silent as to how it should be applied to your state sentence. On June 14, 2004, you were awarded a Nunc Pro Tunc designation pursuant to your request. This designation for service of your federal sentence in a state institution allowed your federal sentence to commence on the date imposed.

> Prior custody credit is governed by 18 U.S.C. § 3585(b) . . . . The period of time you request to be credited to your federal sentence has already been credited by the state on their sentence. Pursuant to § 3585(b), this time cannot be awarded on your federal sentence. Accordingly, your appeal is denied . . .

(Decision of D. Scot Dodrill, dated Dec. 13, 2004.)

Petitioner appealed to the Central Office. On February 10, 2005, Harrell Watts, Administrator of National Inmate Appeals, denied relief, concurring with the previous decisions. (Decision of Harrell Watts, dated Feb. 10, 2005.)

Petitioner executed the Petition presently before this Court on March 1, 2006. Petitioner originally filed the Petition in the United States District Court for the Western District of Michigan, which received it on March 6, 2006. The Petition seeks credit against the federal sentence for the 199 days between Petitioner's arrest on March 31, 2001, and his federal sentencing on October 16, 2001. The Petition raises four grounds:

> Ground One: JAIL CREDIT COMPUTED TOWARD FEDERAL SENTENCE.
>
> Supporting FACTS: I was incarcerated in the Newaygo County Jail from 4-17-2001 to 4-20-01, then brought back into federal custody on 6-06-2001 to 10-25-2001. Where I was in federal custody prior to my parole violation. I left the state custody after my revocation hearing back into federal custody at the Newaygo County Jail. See attached document for verification of incarceration.

>Ground Two: PAROLE REVOCATION AND TIME LIMIT 45-DAY (WOLFF V. MCDONNELL).
>
>Supporting FACTS: My parole revocation process was done within 45 days of my arrest for the federal charge. Once I was found guilty of the parole violation, I went back into federal custody. I didn't stay in state custody for my violation term. I was in federal custody at the Newaygo County Jail awaiting my trial date. I went to state custody after I was sentenced.
>
>Ground Three: JAIL CREDITED TOWARD MY FEDERAL SENTENCE.
>
>Supporting FACTS: Records Office staff at Fort Dix, NJ stated that I could be entitled to the jail time but it would have to be ordered by the judge who sentenced me, either amended or otherwise. By the decision in a new ruling of law.

(Pet. ¶ 14.a. to 14.c.)

Several documents are attached to the Petition: (1) letter dated October 25, 2004, from Records Clerk of Newaygo County Sheriff Department stating that Petitioner was incarcerated at the Newaygo County Jail from April 17, 2001, to April 20, 2001; from June 6, 2001, to October 25, 2001; and from February 21, 2003, to February 25, 2003; and (2) copies of Petitioner's administrative remedies.

Respondents filed an Answer, together with the declarations of Lori Colley, Operations Manager of the Designation and Sentence Computation Center of the BOP, and Nicole Ahmed, BOP Attorney Advisor. Attached to the declarations are Petitioner's Presentence Report recommending a 120-month sentence;

Petitioner's Objections to the Presentence Report; the criminal judgment in United States v. Anthony, Crim. No. 01-0076 (GJQ) (W.D. Mi. Oct. 17, 2001); letter dated May 25, 2004, to Judge Quist from Fernando J. Messer, Regional Inmate Systems Administrator; BOP's Sentence Monitoring Computation Data sheet for Petitioner as of Oct. 2, 2006; and Petitioner's administrative remedy request, decisions and appeals. Respondents argue that they correctly calculated Petitioner's sentence in accordance with 18 U.S.C. § 3585(b), which prohibits the BOP from giving Petitioner credit for the time between March 31, 2001, and October 16, 2001, because this time was credited against his Michigan sentence. Respondents further argue that, because 18 U.S.C. § 3584(a) requires multiple terms of imprisonment imposed at different times to run consecutively "unless the court orders that the terms are to run concurrently," 18 U.S.C. § 3584(a), and nothing indicates that Judge Quist intended Petitioner's federal sentence to run retroactively concurrent with his state sentence, the calculation of the sentence was correct.

Petitioner filed a Reply to the Answer. He asserts in the Reply that Michigan "transferred" jurisdiction to federal authorities on April 11, 2001, that he was in federal custody from April 11, 2001, until the imposition of the federal sentence on October 16, 2001 (with the exception of April 20, 2001, to

8

June 5, 2001), and that he is entitled to credit from March 31, 2001, through October 16, 2001, pursuant to 18 U.S.C. § 3585(b).

On April 24, 2007, this Court directed Respondents to file a supplemental answer and copies of any documents on which they relied to determine that the State of Michigan gave Petitioner credit for the period from March 31, 2001, through October 15, 2001, against Petitioner's state sentence.

Respondents filed the declaration of Larry Mayo, Classification and Computation Specialist at the BOP's Designation and Sentence Commutation Center, together with the following documents: letter dated February 12, 2007, to the BOP from Sandra Grant, Records Administrator for the Michigan Department of Corrections; Custody and Detention Report of the United States Marshal Service; and Michigan Department of Corrections Offender Tracking Information System Profile for Petitioner.  The letter dated February 12, 2007, from the Records Administrator provides:

> Our records indicate [Petitioner] was released on parole from the Michigan Department of Corrections on September 7, 2000.  He was then held under custody on March 31, 2001 and returned as a technical parole violator on May 9, 2001.  He was then released on WRIT to the U.S. Marshal on June 5, 2001 and returned to the Michigan Department of Corrections on October 25, 2001.  He received credit towards the remainder of his Michigan sentence during this entire time period.

(Letter from Sandra Grant, dated Feb. 12, 2007.)

9

Petitioner thereafter filed a Response, Memorandum of Law and motion for summary judgment.  In the Response, Petitioner argues that this Court should not consider the February 12, 2007, letter from the Michigan Department of Corrections because the letter is hearsay and does not include the sentencing report.  In addition, Petitioner contends that he should receive credit for the disputed 199-day period because the parole violation and the federal weapons charge resulted from the same conduct.  Petitioner seeks summary judgment on the ground that Respondents failed to respond to this Court's April 24, 2007, Order.  Petitioner argues in his memorandum of law that he should receive credit pursuant to United States v. Croft, 450 F. 2d 1094 (6th Cir. 1971), because the Michigan court ordered his state term of imprisonment for parole violation to run concurrently with his federal sentence.

Respondents oppose Petitioner's motion for summary judgment, arguing that they responded appropriately to this Court's Order and that the Croft decision is inapplicable because the Michigan court did not order Petitioner's sentence to run concurrently with his federal sentence.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence and he was incarcerated in New Jersey at the time he filed the Petition.  See Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241  (3d Cir. 2005) (challenge to BOP's failure to transfer inmate to community corrections center may be brought

11

under § 2241); <u>Barden v. Keohane</u>, 921 F. 2d 476, 478-79 (3d Cir. 1991) (challenge to BOP's refusal to decide whether to designate state prison as place of federal confinement); <u>Gomori v. Arnold</u>, 533 F. 2d 871, 874 (3d Cir. 1976) (challenge to erroneous computation of release date); <u>Soyka v. Alldredge</u>, 481 F. 2d 303 (3d Cir. 1973) (claim for credit for time served prior to federal sentencing).

## B. <u>Sentence Calculation</u>

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the sentence is to be served. <u>See</u> 18 U.S.C. § 3585(a). Section 3585(b) gives the BOP authority to credit against the sentence time served prior to the commencement of the sentence. Section 3585(a) and (b) provide, in relevant part:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the


> sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

The government correctly asserts that § 3585(b) does not allow the BOP to give Petitioner credit for custody prior to sentencing. Under § 3585(a), Petitioner's sentence commenced on February 21, 2003, the date he was taken into federal custody when he was paroled on his Michigan sentence. See 18 U.S.C. § 3585(a). The sentence imposed by the State of Michigan for parole violation gave Petitioner credit for the 692-day period between his arrest on March 31, 2001, and his release to federal authorities on February 21, 2003. (Letter dated Feb. 12, 2007, from Sandra Grant, Records Administrator, Michigan Department of Corrections.) Because § 3585(b) authorizes the BOP to give a prisoner credit for time spent in detention prior to commencement of a federal sentence only if the time "has not been credited against another sentence," 18 U.S.C. § 3585(b), the BOP had no authority under § 3585(b) to award Petitioner credit for time he was detained prior to commencement of the sentence on February 21, 2003. See Rios, 201 F.3d at 269 (section 3585(b) does not permit BOP to grant credit for time served that has been credited against defendant's state sentence).

The BOP has limited authority to count custody time prior to commencement of the sentence that was also credited to a state

sentence under the rulings of Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), and Willis v. United States, 438 F.2d 923 (5th Cir. 1971).  The BOP did not have authority under Willis to award Petitioner the pre-sentencing credit he seeks.  Willis filed a § 2241 petition seeking credit on his federal sentence for time spent in state custody prior to federal sentencing.  The Fifth Circuit held that if petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense."  Willis v. United States, 438 F.2d at 925 (citation and internal quotation marks omitted).  Willis credit is not available to Petitioner in this case because nothing in the record indicates that Petitioner was denied release on bail by the Michigan court because a federal detainer was lodged against him.

In Barden, the United States Court of Appeals for the Third Circuit granted Barden a writ of habeas corpus because the BOP mistakenly failed to recognize its discretion under 18 U.S.C. § 3621(b)[4] and Program Statement 5160.05.[5] to designate a state

---

[4] Section 3621(b) provides:

(b) Place of imprisonment.-- The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability. . . . , that the Bureau determines to be appropriate and suitable,
(continued...)

facility nunc pro tunc as a place of federal confinement where the inmate could gain credit against his federal sentence for the time which the state court ordered to run concurrently with the federal sentence.  As the Court of Appeals explained in Barden,

> [Warden] Keohane is correct in his assertion that the federal sentence, as it now stands, cannot be made to run concurrently with the state sentence . . . .  What Keohane does not recognize is that [Petitioner]'s state incarceration can be credited against his federal sentence if the Bureau . . . designates [the state prison] as the facility where [Petitioner will] serve[] a portion of his federal sentence.

Barden, 921 F.2d at 480 (citations and footnote omitted).

---

⁴(...continued)
considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence [that articulated the purpose behind the sentence or offered a recommendation for placement] . . .
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

⁵ Program Statement 5160.05 is entitled "Designation of State Institution for Service of Federal Sentence."  The purpose is "[t]o provide instructions for the designation of a state institution for concurrent service of a federal sentence." Program Statement 5160.05, ¶ 1 (Jan. 16, 2003).  The Program Statement provides that an inmate may request the designation of a state prison as the place of confinement of a concurrent state and federal sentence. Id. at pp. 5-6.

The record in this case shows that Petitioner applied for prior custody credit pursuant to <u>Barden</u> and that, without objection from Judge Quist, the BOP granted Petitioner prior custody credit for the 493-day period between the imposition of Petitioner's sentence on October 16, 2001, and his release by Michigan on parole on February 21, 2003.  The <u>Barden</u> court emphasized, however, that once the BOP grants or denies an inmate's request to designate a state facility as the place for service of a federal sentence, further court review of the BOP's action is limited to abuse of discretion.  <u>See</u> <u>Barden</u>, 921 F. 2d at 478.

"Abuse of discretion" is the standard of review under the Administrative Procedure Act ("APA"), which requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  <u>See</u> <u>C.K. v. N.J. Dep't of Health & Human Services</u>, 92 F.3d 171, 182 (3d Cir. 1996); <u>see also</u> <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 414 (1971) ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' ...."), <u>overruled on other grounds</u>, <u>Califano v. Sanders</u>, 430 U.S. 99 (1977) (quoting 5

U.S.C. § 706(2)(A)).  "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins., 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted); accord Bowman Transp., Inc. v. Arkansas-Best Freight System, 419 U.S. 281, 285 (1974).

To make this finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency."  Overton Park, 401 U.S. at 416.  Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]."  C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

This Court has reviewed the administrative record and concludes that the BOP did not abuse its discretion in giving

Petitioner prior custody credit of 493 days (from October 16, 2001, to February 21, 2003), rather than 692 days (from March 31, 2001, to February 21, 2003). Nothing in the Barden decision required the BOP to give Petitioner credit for the disputed 199-day period. See Barden, 921 F. 2d at 478. Petitioner's reliance on United States v. Croft, 450 F. 2d 1094 (6th Cir. 1971), is misplaced, as nunc pro tunc claims in this circuit are governed by Barden. Moreover, Croft is distinguishable. The Croft court determined that because federal authorities had primary jurisdiction over Croft, the Marshal erred by allowing him to serve his two year state sentence before placing him in federal custody for service of his federal sentence. The court ruled that the federal sentence commenced at the time of imposition, and officials should have placed Croft in federal prison to serve his three-year federal sentence first, in which case his two-year state sentence (which the state court ordered to run concurrently with the previously imposed federal sentence) would have been completed before his federal term expired. See Croft, 450 F. 2d at 1099 ("Appellant, upon the order of commitment of the District Court, should have been delivered by the Marshal to a federal penitentiary after the subsequent trial and sentence by the state court which provided that its sentence should run concurrently with the federal sentence. The fact that appellant was erroneously taken from the county jail by the Sheriff and

delivered by him to the state prison does no affect the running of the time of the federal sentence from the day that the order of commitment was issued to the Marshal"). Because the BOP did not abuse its discretion or violate federal law, this Court will dismiss the Petition with prejudice.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus and denies Petitioner's motion for summary judgment as moot.

   **s/ Jerome B. Simandle**
**JEROME B. SIMANDLE, U.S.D.J.**

Dated:   **March 5**, **2008**